IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**<br><br>v.<br><br>MIGDOEL CRUZ-RUIZ,<br><br>**Defendant** | CRIMINAL NO. 19-062 (RAM) |

### MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

### I.   BACKGROUND

Pending before the Court are the Government's *Motion Requesting that the Court Make a Finding that Defendant is Incompetent to Stand Trial and that it Order a Dangerousness Assessment Pursuant to 18 U.S.C. § 4246* ("*Government's Motion*") (Docket No. 84) and Defendant's *Motion Requesting Scheduling of Competency Hearing (18 U.S.C. Sec 4241(d)) and Determination that Cruz is Neither Competent nor His Competency Restorable* ("*Defendant's Motion*") (Docket No. 86). At the Court's request, the parties also filed supplemental motions regarding this Court's authority to order a dangerousness assessment pursuant to 18 U.S.C. § 4246 ("Section 4246"). (Docket Nos. 92-93).

On January 15, 2019, the Government filed a complaint and supporting affidavit against Defendant Migdoel Cruz-Ruiz

("Defendant"), alleging he violated 18 U.S.C. § 871. (Docket No. 1). Defendant was subsequently arrested that same day. On February 1, 2019, a federal grand jury returned an indictment charging him with threatening the President of the United States in violation of 18 U.S.C. § 871 and making a telephone threat in violation of 47 U.S.C. § 223(a)(1)(C). (Docket No. 13).

Since his arrest and indictment, Defendant has been evaluated several times to determine his competency to stand trial. Defendant's competency expert, Dr. Christina Nodar Miller, issued her report on July 3, 2019. (Docket No. 64-1). On February 19, 2020, Forensic Psychologist Shawn E. Channell issued a forensic report, which the Government provided to the Court on June 19, 2020. (Docket No. 41). On June 19, 2020, this Court ordered Defendant be committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d) for further mental health evaluation and treatment and to determine whether his competency could be restored in the foreseeable future. (Docket No. 38). Defendant was then evaluated by Forensic Psychologist Miriam Kissin from the Bureau of Prisons ("BOP"), who issued her report on January 10, 2022. (Docket No. 81). Overall, the evaluating experts agreed that Defendant is neither competent to stand trial nor likely to have his competence restored. Neither Defendant nor the Government objected to these findings. (Docket Nos. 84, 86 and 88).

Defendant has a lengthy and substantial criminal history. Since 1999, he has been charged with several serious offenses, including assault, terroristic threats, unlawful weapons possession, and domestic violence. (Docket No. 41-1 at 4-5). Defendant also has a history of mental health issues and has been diagnosed with Schizophrenia.[1] Id. at 5-7. Given the circumstances, the Government requested that, upon a finding of incompetency, this Court order a dangerousness assessment and hearing pursuant to the procedures set forth in Section 4246. (Docket No. 84 at 2).

On February 10, 2022, this Court held a competency hearing. (Docket No. 91). The Court took notice of the expert reports that were previously submitted on the record (Docket Nos. 41, 64-1 and 81) and took the issue of Defendant's competency under advisement. The Court then requested that the Government and Defendant provide authority by the end of the day explaining why they believe this Court has or does not have authority to order a dangerousness assessment at this juncture. After reviewing the parties' submissions and the evidence in the record, **the Court finds that Defendant Migdoel Cruz-Ruiz is not competent to stand trial because he is presently suffering from a mental disease or defect rendering**

---

[1] Schizophrenia is "[a] common and serious mental disorder characterized by loss of contact with reality (psychosis), hallucinations (false perceptions), delusions (false beliefs), abnormal thinking, flattened affect (restricted range of emotions), diminished motivation, and disturbed work and social functioning." THE MERCK MANUAL 1564 (Mark H. Beers, M.D. & Robert Berkow, M.D. eds., 17th ed. 1999).

**him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Court further finds that there is no substantial probability that he may be restored to competency within a reasonable period of time.** Additionally, for the reasons set forth below, the Government's request that the Court order a dangerousness assessment pursuant to Section 4246 (Docket No. 84) is **DENIED**.

## II. ANALYSIS

Section 4246(a) outlines the very limited circumstances under which a court may order a dangerousness hearing to determine whether the defendant must be civilly committed or, alternatively, may be released. The statute states, in relevant part:

> **If the director of a facility in which a person is hospitalized certifies** that a person . . . who has been committed to the custody of the Attorney General pursuant to section 4241(d) . . . is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, **he shall transmit the certificate to the clerk of the court for the district in which the person is confined.** The clerk shall send a copy of the certificate to the person, and to the attorney for the Government, and, if the person was committed pursuant to section 4241(d), to the clerk of the court that ordered the commitment. The court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as

>       a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section.

18 U.S.C. § 4246(a) (emphasis added). The statute further provides that, "[p]rior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." 18 U.S.C. § 4246(b).

Therefore, according to the plain text of the statute, a dangerousness hearing is only appropriate if both: (1) the director of the federal facility at which the defendant was hospitalized for a competency evaluation certifies that, due to mental disease, the defendant's release would create a substantial risk of bodily injury to another person or serious damage to property of another and (2) suitable arrangements for State custody and care are unavailable. *See* United States v. Lapi, 458 F.3d 555, 561-62 (7th Cir. 2006) (quoting 18 U.S.C. § 4246(a)).

After studying the language of the statute and reviewing the relevant caselaw from courts across the country, this Court is unpersuaded that it has the authority to continue to detain Defendant and order a dangerousness assessment pursuant to Section 4246. The statute plainly states that Section 4246 proceedings **are**

**only triggered following a proper certification by the director of the facility in which Defendant is hospitalized.** It is a well-established principle of statutory interpretation that "where, as here, the statute's language is plain, the sole function of the courts is to enforce it according to its terms." United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241 (1989) (internal quotation marks and citation omitted). While Section 4246(b) allows the court to order an examination of the defendant, a court only has authority to do so "[p]rior to the date of the hearing." Because the Court may not order the requisite hearing without a compliant certification, it follows that the Court may not order a pre-hearing evaluation without such a certification. Therefore, without a certification in this case, **the Court cannot order a dangerousness assessment.** See United States v. Baker, 807 F.2d 1315, 1323-24 (6th Cir. 1986) (stating that, in the absence of a certification and by failing to strictly adhere to the procedures outlined in Section 4246(a), the district court "lacked statutory authority" to commit the defendant).

The Court notes the existence of cases to the contrary, but is not persuaded by the reasoning underlying such decisions, which stray from the statutory text. See, e.g., United States v. Ferguson, 2020 WL 5100099 (S.D. Fla. 2020); United States v. Brennan, 389 F. Supp. 3d 206 (W.D.N.Y. 2019). Further, as other courts have noted, "[t]he legislative history of the Insanity

Defense Reform Act makes clear that the drafters of § 4246 did not intend for federal courts to play such an expansive role." Lapi, 458 F.3d at 563. The statute was drafted narrowly so as not to usurp the role of the states in caring for insane persons by ensuring that federal dangerousness hearings are only held in the "rare circumstance that State authorities will not institute civil commitment proceedings against a hospitalized defendant whose Federal sentence is about to expire." Id. (internal quotation marks and citations omitted).

   The Court does not take this decision lightly. The Court recognizes that Defendant has a lengthy criminal history and a history of serious mental health issues. (Docket No. 41-1). Further, the Court understands that the BOP represented to the Government that it cannot opine on Defendant's dangerousness in the absence of a court order as to his competency to stand trial. (Docket No. 84-1). However, the governing statutory framework trumps the forensic psychologist's understanding of procedure and does not grant this Court authority to order a dangerousness assessment without the certification required by Section 4246. Further, the Court would like to think that, if Defendant exhibited dangerous traits while incarcerated or during his multiple evaluations, the BOP would have at least so noted in its reports. To the contrary, Dr. Kissin's report notes that Defendant "was not reported to exhibit any difficulty adjusting to the housing units'

rules and schedules, received no disciplinary sanctions for institutional rule infractions, and functioned well throughout the duration of the evaluation." (Docket No. 81 at 7).

In summary, the Court finds that it would be acting without authority were it to order a dangerousness assessment and hearing pursuant to Section 4246 without a proper certification from the director of the facility in which Defendant was hospitalized. It is axiomatic that the safety of the public and of current and former presidents is vital, but so are the liberty interests at stake. *See* 18 U.S.C. § 4001(a) ("No person shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress.").

### III. CONCLUSION

For the foregoing reasons, the Court finds that Defendant Migdoel Cruz-Ruiz is not competent to stand trial because he is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Court further finds that there is no substantial probability that he may be restored to competency within a reasonable period of time. And the Court has determined that it lacks the authority to order a dangerousness assessment at this juncture.

Therefore, the Court **GRANTS** *Defendant's Motion* at Docket No. 86. The Court **GRANTS IN PART** the *Government's Motion* at Docket No. 84 to the extent that it requested a finding that Defendant is neither competent nor restorable. However, the Court **DENIES** the Government's request for a dangerousness assessment. Since Defendant is not competent to stand trial, cannot be restored to competency, and the Court lacks the authority to continue to detain him, Defendant Migdoel Cruz-Ruiz shall be released forthwith. Defendant is now subject to the care of his family and, if civil commitment proceedings become necessary, the care of the competent state authorities.

The Court also acknowledges that Defendant requests the dismissal of all charges against him. (Docket No. 92). Pursuant to First Circuit precedent, **the Court will not dismiss the indictment.** *See* United States v. Ecker, 78 F.3d 726 (1st Cir. 1996). However, the case is now closed for statistical purposes.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 11th day of February 2022.

S/RAÚL M. ARIAS-MARXUACH
UNITED STATES DISTRICT JUDGE