IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**<br><br>v.<br><br>MIGDOEL CRUZ-RUIZ,<br><br>**Defendant** | CRIMINAL NO. 19-062 (RAM) |

## MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is the Government's *Motion for Reconsideration of the Court's Orders Releasing the Defendant from Custody* ("*Motion*") (Docket No. 99). Defendant has filed a *Response in Opposition to Government's Motion for Reconsideration* ("*Opposition*") (Docket No. 103). For the following reasons, the Government's *Motion* is **DENIED**.

### I. PROCEDURAL BACKGROUND

On February 11, 2022, following a competency hearing, this Court issued the *Memorandum and Order* at issue here. (Docket No. 94). In the *Memorandum and Order*, the Court first determined that Defendant Migdoel Cruz-Ruiz is neither competent to stand trial nor is there a substantial probability that he may be restored to competency within a reasonable period of time. Id. The Court also denied the Government's request to order a dangerousness

assessment, finding that it lacked authority to order such an assessment under the plain text of 18 U.S.C. § 4246 ("Section 4246"). Id. The Court thus ordered that Defendant be released forthwith. (Docket Nos. 94 and 95). The Court then granted in part the Government's *Emergency Motion to Stay* (Docket No. 96) and indicated that "no further stays will be granted in absence of a filed notice of appeal and a motion under FRAP 8." (Docket No. 97).

On February 18, 2022, the Government filed the *Motion*. (Docket No. 99). For purposes of the *Motion*, the Government does not contest that this Court lacks authority under Section 4246(b) to issue the requested order for a dangerousness assessment. Id. at 2. However, the Government now contends that the Attorney General has the continued authority to hold Defendant in custody pursuant to 18 U.S.C. § 4241(d)(2) ("Section 4241"). Id. The Government thus requests that the Court rescind its February 11, 2022 orders to the extent they require Defendant's immediate release from custody. Id. In the *Opposition*, however, Defendant argues that Section 4241(d)(2)(A) only allows for a reasonable period of continued confinement after a non-competency determination if the Court finds a substantial probability that the defendant can attain competency in the foreseeable future. (Docket No. 103 at 3). Defendant further argues that the Government failed to provide

authority that directly supports the action it now asks the Court to take. Id. The Court agrees with Defendant.

## II.   APPLICABLE LAW

A. Motions for Reconsideration

The Federal Rules of Criminal Procedure do not explicitly authorize motions for reconsideration. *See* United States v. Pena-Fernandez, 394 F. Supp. 3d 205, 207 (D.P.R. 2019) (citing United States v. Ortiz, 741 F.3d 288, 292 n.2 (1st Cir. 2014)). Instead, the First Circuit applies Fed. R. Civ. P. 59(e) to motions for reconsideration in criminal cases. Id. A motion for reconsideration is considered "an extraordinary remedy which should be used sparingly." U.S. ex rel. Ge v. Takeda Pharm. Co., 737 F.3d 116, 127 (1st Cir. 2013) (internal quotation omitted). Thus, under Fed. R. Civ. P. 59(e), a district court will only alter its original order if a party "evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." Fontanillas-Lopez v. Morell Bauza Cartegena & Dapena, LLC, 832 F.3d 50, 55 (1st Cir. 2016).

B. Section 4241(d)

Section 4241(d) states:

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly

>  in his defense, the court shall commit the defendant to the custody of the Attorney General. **The Attorney General shall hospitalize the defendant for treatment in a suitable facility—**
>
>> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>>
>> **(2) for an additional reasonable period of time until—**
>>
>>> **(A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or**
>>>
>>> **(B) the pending charges against him are disposed of according to law;**
>>
>> **whichever is earlier.**
>
>  If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.

18 U.S.C. § 4241(d) (emphasis added).

In sum, Section 4241(d) directs the Court to commit a defendant to the custody of the Attorney General following a finding at a competency hearing that the defendant is not competent to stand trial. Id. The statute then expressly authorizes the

Attorney General to hospitalize the defendant for up to four months to determine whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the proceedings to go forward. Id. § (d)(1). The Attorney General may then continue to hospitalize the defendant for an additional reasonable period of time until: (i) the defendant's mental condition is so improved that the proceedings may move forward, but only if the court finds that there is a substantial probability that within such additional period of time, he will attain such capacity; or (ii) the pending charges against the defendant are disposed of according to law. Id. § (d)(2).

### III.  ANALYSIS

The Government posits that Section 4241(d)(2) authorizes the Court to permit Defendant's continued detention for a reasonable period of time to allow the Government to assess his dangerousness. (Docket No. 99 at 2). The Court does not agree with the Government's reading of the statute.

First, Section 4241(d)(2)(A) only applies "if the court finds that there is a substantial probability that within such additional period of time [the defendant] will attain the capacity to permit the proceedings to go forward[.]" 18 U.S.C. § 4241(d)(2)(A). The Court has not made that finding. In fact, with the parties' agreement, the Court determined in its *Memorandum and Order* that "there is no substantial probability that [Defendant] may be

restored to competency within a reasonable period of time." (Docket No. 94 at 4). *See also* Docket Nos. 84 at 2 ("[T]he United States is satisfied that Cruz is neither competent to proceed to trial, nor likely to have his competence restored in the near future."); 86 at 2. Therefore, Section 4241(d)(2)(A) is not applicable here.

Second, Section 4241(d)(2)(B) speaks only about an additional reasonable period of commitment for the charges to be disposed of according to law. 18 U.S.C. § 4241(d)(2)(B). The plain text of the statute has no language that supports the proposition that this Court may order yet another assessment of Defendant in this case. **At this juncture, it is the *Government's* decision whether to keep Defendant's indictment pending, not the Court's**. *See* United States v. Ecker, 78 F.3d 726 (1st Cir. 1996). While the Government has demonstrated a willingness to expedite the assessment process (Docket No. 99 at 3), that does not grant the Government power to return Defendant to FMC Devens for further evaluation pursuant to a statute that only contemplates additional detention based on the dismissal of charges. As the Court mentioned in the *Memorandum and Order*, the Court is not persuaded by non-binding authority to the contrary that strays from the clear statutory text. *See* id. (citing United States v. Curbow, 16 F.4th 92 (4th Cir. 2021); United States v. Gordinez-Ortiz, 563 F.3d 1022 (9th Cir. 2009)).

### IV.   CONCLUSION

For the foregoing reasons, the Court finds that the Attorney General lacks the authority to hold Defendant in custody under Section 4241(d)(2). The Court has already determined that there is no substantial probability that Defendant may be restored to competency within a reasonable period of time. (Docket No. 94 at 4). And the Court does not agree with the Government's interpretation of the statute, which is adrift from the text. Simply put, the Government has failed to meet the high bar that would warrant the extraordinary remedy of granting a motion for reconsideration. *See* Fontanillas-Lopez, 832 F.3d at 55; Takeda Pharm. Co., 737 F.3d at 127.

The Government's *Motion* is therefore **DENIED**. Barring a filed notice of appeal and a motion under Fed. R. App. P. 8, Defendant Migdoel Cruz-Ruiz shall be released within the next 72 hours.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 8th day of March 2022.

S/ RAÚL M. ARIAS-MARXUACH  
United States District Judge